◼ In the Matter of EAST COAST WHOLESALERS, INC., Appellant, v. JOHN J. MORAN CO., INC., Respondent.— In a proceeding pursuant to subdivision 5 of section 76 of the Lien Law to compel respondent to comply with petitioner's request for a verified statement setting forth certain required information regarding the assets of a trust established pursuant to subdivision 1 of section 70 of the Lien Law, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated June 30, 1972, as denied its motion to adjudge John J. Moran, the president of respondent, in contempt of court for failure to comply with an earlier order of the same court, dated October 6, 1971, which had directed respondent, by its said president, to furnish the information in question. Order reversed insofar as appealed from, on the law, with $20 costs and disbursements, and motion to adjudge John J. Moran in contempt granted, with leave to said John J. Moran to purge himself of the contempt by furnishing to petitioner, within 30 days after entry of the order to be made hereon, the requested verified statement. Section 75 of the Lien Law describes the records that a trustee of a trust under article 3-A of the Lien Law (in the present case the trustee is the respondent) is required to keep regarding the assets of the trust. A beneficiary of such a trust (in this case the petitioner) is entitled to inspect the pertinent records or to receive, at its option, a verified statement from the trustee setting forth and explaining the entries with respect to the trust assets (Lien Law, § 76, subd. 1). Petitioner exercised the option available to it and demanded a verified statement. Respondent never served such a statement, but instead reproduced certain sheets from its books. It is clear from the record that respondent has repeatedly failed to properly comply with the specific requirements of subdivision 1 of section 76 of the Lien Law. The documents provided by respondent do not constitute a "verified statement setting forth the entries" as contemplated by that statute. We deem the citation of respondent's president for contempt of court to be proper under the circumstances. However, we also feel it proper to grant him leave to purge himself of the contempt by

furnishing petitioner with the verified statement required by the statute. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.